IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WASHINGTON INTERNATIONAL INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:14-CV-4028-D |
| VS. | § § | |
| SOUTHERN MECHANICAL PLUMBING, INC., et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Washington International Insurance Company ("Washington") moves to effect substituted service of process on defendants Southern Mechanical Plumbing, Inc. ("SMPI") and Earl Wayne Shelton ("Shelton"). For the reasons that follow, the court grants the motion.

I

Washington filed this lawsuit on November 14, 2014. On November 19, 2014 counsel for Washington mailed to Shelton—who is also the registered agent for service of process for SMPI—copies of the complaint, civil cover sheet, and a certificate of interested persons, as well as a request for waiver of service of summons, via certified mail, return receipt requested to both Shelton's usual place of business and his residence. The return receipt for the mailing sent to Shelton's office showed that delivery was successful and was signed by "Diana Coley." The return receipt for the mailing sent to Shelton's residence also showed

that delivery was successful and was signed by "E.W. Shelton." Washington did not receive a signed waiver of service of process within 30 days from the date of delivery of the requests for such a waiver at Shelton's office and residence. Accordingly, Washington requested the clerk issue summons for Shelton and SMPI on December 23, 2014 and thereafter retained a civil process firm to attempt service of process on Shelton and SMPI.

Washington, through a process server, has attempted to personally serve Shelton seven times between December 30, 2014 and January 9, 2015 at SMPI and Shelton's usual place of business, and three times between January 13 and January 16, 2015 at Shelton's residence. Two civil process servers—Michael Wigginson ("Wigginson") and Steven T. Zawacki ("Zawacki")—have filed affidavits detailing their attempts to personally serve Shelton at his office and residence.

According to Wigginson, he made seven separate trips to Shelton's usual place of business to attempt to personally serve him.[1] During these seven attempts, he visited Shelton's usual place of business at different times during the business day. On each occasion, he spoke with a woman named "Diana" who identified herself as an office administrator for SMPI, and who confirmed that this address was the usual place of business of SMPI and Shelton. On at least two occasions, Diana informed Wigginson that Shelton was out of town and that she did not know when he was scheduled to return. On

---

[1] Wigginson attempted service on December 30, 2014 at 11:35 a.m.; January 2, 2015 at 8:14 a.m.; January 5, 2015 at 2:25 p.m.; January 6, 2015 at 10:01 a.m.; January 7, 2015 at 4:37 p.m.; January 8, 2015 at 8:02 a.m.; and January 9, 2015 at 12:47 p.m.

Wigginson's last attempt, Diana stated that Shelton was not in the office. Wigginson, however, observed a black Chevrolet Suburban or Tahoe in the parking lot and found, when he checked the license plate number, that the car was registered to Shelton.

Zawacki avers that he attempted three times to personally serve Shelton at his residence in Sarasota, Florida.[2] Although he attempted service at different times during the day and evening, there was no indication that anyone was physically present at the residence, and no one answered his knock on the front door.

Service has not otherwise been attempted or made on Shelton or SMPI.

II

Washington moves the court to allow it to serve Shelton and SMPI by delivering the summons and complaint to anyone over the age of 16 at Shelton's usual place of business. Fed. R. Civ. P. 4(e)(1) provides that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Texas law provides that when personal service has been unsuccessful,

---

[2] Zawacki attempted personal service on January 13, 2015 at 7:30 p.m.; January 15, 2015 at 7:20 p.m.; and January 16, 2015 at 9:00 a.m.

> [u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . but has not been successful, the court may authorize service
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at [the defendant's usual place of business or abode], or
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). In this case, "service has been attempted but has not been successful." Washington's multiple attempts to serve Shelton at his residence and office support the reasonable inference that any further attempts will also be unsuccessful. The court therefore grants Washington's motion for substituted service of process.

III

"In dispensing with personal service, Texas courts look for 'the substitute that is most likely to reach the defendant [and] is the least that ought to be required if substantial justice is to be done.'" *Textron Fin. Corp. v. Anchor Marine & Tackle, Inc.*, 2010 WL 428968, at *2 (W.D. Tex. Jan. 28, 2010) (quoting *Forney v. Jorrie*, 511 S.W.2d 379, 384 (Tex. Civ. App. 1974, writ ref'd n.r.e.)). Texas law specifically provides that leaving a copy of the summons and complaint with a person over the age of 16 at the defendant's usual place of business or usual place of abode may be sufficient substitute service. Given that Shelton appears to have actual knowledge that Washington is attempting to serve him with process, as evidenced by his signature on the return receipt for the lawsuit documents sent to his

residence, and that his usual place of business has been confirmed by SMPI's office administrator, the court will permit Washington to attempt to effect service of process on Shelton and SMPI by leaving a copy of the summons and complaint with a person over the age of 16 at Shelton's usual place of business. The court finds that this method of service will be "reasonably effective to give the defendant[s] notice of the suit," as Tex. R. Civ. P. 106(b) requires.

* * *

Accordingly, Washington's January 21, 2015 motion for substituted service of process is granted as set forth in this memorandum opinion and order.

**SO ORDERED**.

January 27, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE